## NATHANIEL FRENCH *vs.* CITY OF AUBURN.

*No implied promise that a city will pay one who, without request, performs a duty*
*incumbent upon the municipality.*

The legislature, by Private Laws of 1869, c. 230, established a court in Auburn
to be held "at such place as the city shall provide." Upon the failure of the
city to provide any place, the judge hired a room in which to hold the
court; *held*, that there was no implied promise, upon the part of the city,
resulting by implication of law from these facts, to pay the rent of such
room.

Nor can a ratification of the hiring, or a promise to pay the rent, be inferred
from a knowledge on the part of the citizens and officials of the city, of the
court being held in the room so hired, nor from the fact that the bills there-
for were presented to, and referred in concurrence by, both branches of the
city council, and no further action taken thereon.

ON EXCEPTIONS.

ASSUMPSIT to recover for use of office furnished by the plaintiff
for the Auburn Police Court for the city of Auburn, during the
years of 1869 and 1870, he being the judge of that court from
June 7, 1869, to March 20, 1871. This court was established by
Private and Special Laws of 1869, c. 230, which declares that it is
to be held "at such place as the city shall provide." The city made
no provision of any place for the court, though requested by the
plaintiff in writing to do so, and the judge hired a room in which
it was held so long as he presided over it, and he paid the rent,
which this suit was instituted to recover. The plaintiff handed
his claims to the mayor, who presented them to the city council,
and they were referred in concurrence, by both branches of that
body, to the succeeding council, and were then referred to the
committee on accounts, and no further action ever taken thereon.

An order for the procurement of rooms was introduced into and
passed by one branch of the city council, and a committee appointed
therefor, but the other branch never acted upon the matter.

A nonsuit was ordered, and the plaintiff excepted.

*Clarence C. Frost*, for the plaintiff.

Corporations, as well as individuals, may be held upon implied promises; and such a promise is inferred from the same course of action which raises that inference with regard to individuals. If one man sees and knows that another is performing for him a duty incumbent upon the former, thereby conferring upon him a great benefit, the law implies a promise to pay for the service so rendered; and the same principle applies in the case of silent acquiescence on the part of that aggregation of individuals which compose a municipality, when a citizen relieves them by assuming to discharge a duty they have neglected. Their silence is a ratification of his acts.

*Morrill & Wing*, for the defendants.

PER CURIAM.

No promise, express or implied, on the part of the defendants has been shown, nor do the facts proved constitute a ratification of the plaintiff's act in hiring a room for the use of the court, over which he presided, and paying the rent.

*Exceptions overruled.*

BARROWS and DICKERSON, JJ., concurred in the following opinion by TAPLEY, J., dissenting.

The case finds that the plaintiff was duly constituted the judge of the Auburn Police Court, from June 7, 1869, to the third Monday of March, 1871.

Being thus constituted judge, certain duties devolved upon him which he was by law required to perform.

Under the provisions of law constituting the court, the judge had an original and exclusive jurisdiction over certain matters constantly arising. These duties must be performed. No other tribunal had original jurisdiction of the same. The duties thus cast upon the judge could not be performed in the open air. Some place under cover from the elements must be provided. The law required the defendants to provide such a place. This they failed to do, after application by the plaintiff for them to do so.

The failure of the defendants to furnish a place did not affect the jurisdiction of the court, nor discharge the plaintiff from his duties. The defendants could not thus nullify the commission and appointment of the plaintiff.

By the Private and Special Laws of 1869, c. 230, § 3, the court was required to be holden for the purpose of the transaction of civil business at such place as the defendants might provide. It could not be held at such place until they provided it.

The judge must, in the meantime, provide a place, or his court would be powerless.

There can be no doubt that, in the absence of any provision being made by the city authorities, he was authorized to designate a place, and hold his court there. Whenever the city should provide a place, it would be his duty to hold it at that place.

In view of the duties devolving upon him, and the failure of the city authorities to fix a place, he did provide one proper for the office, and presented to the defendants a bill of the necessary expense of rent, and continued holding his court there. The defendants at no time denied his right so to do, or disaffirmed his act, but on the contrary, received his bills and referred them to the financial committee, to whom such bills in the ordinary course of proceedings go, and continued to receive the benefit of the plaintiff's act, making no effort to change the place provided. This conduct continued the whole time claimed in the plaintiff's account. The bills accrued, were duly presented at the close of each fiscal year, and when thus received by the defendants, were appropriately referred, and no notice of objection given the plaintiff. We think the only reasonable inference to be drawn from this conduct, is, that the defendants ratified the act of the plaintiff in making the selection, and became liable to pay the rent. Any other construction would charge them with a wilful and continued disregard of their duty, and a fraudulent suppression of their design to repudiate the action of the plaintiff; for if they did not intend to ratify his act, a decent regard for fair dealing would have induced them to say so, when the first bill was presented, instead

of alluring him along by an apparently honest reception of it, and referring it in the ordinary course of business.

It is said "a private action cannot be maintained against a town or other *quasi* corporation, for a neglect of corporate duty, unless such action be given by statute." However that may be, the rule in such cases does not apply here, for this is not an action against the town for damages consequent upon a neglect of corporate duty. This action is founded upon the promise of the defendants to pay the sum sued for, and must be sustained upon such promise, found in the ratification of the plaintiff's act by the defendants.

Whether the law will or not raise a promise to pay under such circumstances, independent of any act of ratification, need not now be determined, for we think the ratification is clear, and their liability follows.